UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Mark Iannacone : CA 06-cv-

:

v. :

Mercantile Adjustment Bureau, LLC :

Complaint

Jurisdiction

1. This is an action under the **Fair Debt Collection Practices Act**, hereinafter "FDCPA," 15 U.S.C. §1692a, et seq, as well as under the Pennsylvania **Fair Credit Extension Uniformity Act** 73 P.S. § 2270, et seq.

2. Jurisdiction in this case is founded upon 15 U.S.C. 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

Parties

3. The plaintiff is Mark Iannacone, a sui juris adult residing at 2423 Rockhurst Avenue, Boothwyn, PA 19061.

4. Defendant is Mercantile Adjustment Bureau, LLC, 40 W Ave., Rochester NY 14611.

5. Defendant lists its primary SIC code as "Adjustment & Collection Services," and, as such, is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The plaintiff is a "consumer" as defined 15 U.S.C. §1692a(3).

Factual Allegations

7. Defendant is presently pursuing collection of a debt alleged to be owed to Mac Tools.

8. Prior to either defendants contacting plaintiff, the said debt was settled and released by accord and satisfaction with Kevin String, Esquire, attorney for Mac Tools on or about February 15, 2000 for the sums of $2,621, which sum had been paid in full and accepted by Attorney String who released the debt on behalf of Mac Tools.

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com

9. Based upon information received by String's successor counsel's office, notice of the forgoing settlement and release in full was communicated to Mac Tools, the original creditor and all settlement funds paid to it.

10. Notwithstanding the same, defendant continues to seek collection of the total amount due.

11. In addition, the debt that defendant seeks to collect is time-barred, by the applicable statute of limitations, and defendant has actual notice of the date of the claim.

12. Despite said actual notice, the defendant seeks to enforce the debt notwithstanding its notice.

13. Plaintiff has advised defendant of the above facts and notwithstanding same, the defendant seeks payment.

14. The least sophisticated consumer would believe that defendant's demand for payment in its correspondence, would indicate an attempt to enforce the debt legally.  In addition, said consumer would justifiably believe that he would be adversely affected respecting his credit rating, and for other reasons as well, and that belief would compel him to pay a time-barred debt, or even, as in this case, a debt that had been settled.

15. As such, the said correspondence and collection efforts are unlawful as false, deceptive, unconscionable and fraudulent.

First Claim for Relief

16.  Plaintiff repeats and incorporates by reference the foregoing paragraphs.

17. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect a debt by representing that the said obligation was still outstanding and due.

18. Defendant violated 15 U.S.C. § 1692d by causing plaintiffs' telephone to ring and engaging plaintiffs in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass him.

19. The defendant violated 15 USC §1692g by demanding full payment in their

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com

demand letters in a manner that overshadowed the notice of validation rights and would create confusion for a least sophisticated consumer about his rights.

20. Any or all of the foregoing actions of defendant would have been more than sufficient to overcome the will of the least sophisticated consumer to resist such tactics.

21. As a result of defendants' action, plaintiff was embarrassed and humiliated suffered loss of sleep, cephalgia, intense stress and emotional distress, interfering with his normal everyday activities as well as inability to concentrate on his job and loss of the enjoyment of his life.

22. As a result of the actions of defendants, plaintiffs hired the undersigned counsel. Counsel has been an attorney in good standing for 27 years.  Counsel has 25 years of experience in handing consumer law cases.  Counsel is known in his field as a competent, experienced consumer law attorney.  As a result, counsel's time is billed at the reasonable rate of $250 an hour.

23.  The defendant violated 15 U.S.C. §1692f in that their actions were an unfair and/or unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

24.  As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

Second Claim for Relief

25. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

26.  Defendants violated the Pennsylvania **Fair Credit Extension Uniformity Act** 73 P.S. § 2270 et seq (the "FCEUA").  Defendant' violations of the FCEUA include, but are not limited to, the following:

    a. The Defendants violated 73 P.S. §§ 2270.4(a) by violating the Fair Debt Collection Practices Act (Public Law 95-109, 15 U.S.C. § 1692 et Seq.).

    b. The defendants all attempted to collect sums not due from plaintiff, i.e. a debt that was fully satisfied prior to collect activities.

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com

c. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FCUEUA, the Defendants are liable to the Plaintiff for actual damages, treble statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiffs respectfully prays that judgment in a sum less than $150,000 be entered against the Defendant for the following:

1. Actual damages;

2. Treble damages under state law;

3. Statutory damages pursuant to 15 U.S.C. § 1692k.

4. Statutory damages pursuant to 73 P.S. § 2270.5.

5. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and 73 P.S. § 2270.5.

6. For such other and further relief as may be just and proper.

_____
Lawrence S. Rubin, Esquire
Attorney for plaintiff
337 W State Street
Media, PA 19063
610-565-6660
Fax 610-565-1912

**Lawrence S. Rubin**
**Attorney**
337 W. State Street
Media, PA 19063-2615
610.565.6660
fax 610.565.1912
LRubin@Pennlawyer.com